STEAMER GAZELLE, Plaintiff, *v.* WELLS LAKE, Defendant.

*Error to Washington.*

After a lien was acquired under the boat law of 1851, the law was repealed. *Held*—1st. That proceedings under the boat law of 1854, to enforce such lien, were regular.   2d. That the repeal of the act of 1851 did not divest the lien.

AT the September term, A. D. 1854, of the court below, judgment by default was rendered against the plaintiff in error, for the sum of one thousand four hundred and ten dollars. The complaint alleged that the defendant in error had furnished lumber for the building of the steamer Gazelle; that said lumber was furnished in the months of November, A. D. 1853, and February, A. D. 1854. Suit in the court below was commenced on the 28th day of August, A. D.

1854. By act of Assembly, passed February 4th, 1851, among other things it was provided, that "mechanics, tradesmen or others," who furnished "supplies or materials" for and on account of the building or repairing, &c., of boats and vessels within the jurisdiction of the territory, should "have a lien on such boats or vessels." By act of Assembly, which took effect May 1st, A. D. 1854, this act was repealed. By the latter act it is provided, that "any person having a demand" of the character sued upon in the court below, "instead of proceeding for the recovery thereof against the master, owner, &c., of the boat or vessel, may, at his option, commence an action against such boat or vessel by name."

*A. E. Wait*, for plaintiff.

*J. K. Kelly*, for defendant.

DEADY, J. The errors assigned are three in number. The first error relating to the manner of service was abandoned in the argument, and need not be noticed by the court. The second ground of error is, that the record shows that the lumber was furnished before the first of May, A. D. 1854, and that consequently the indebtedness accrued to Lake before the passage of the present act, giving a direct remedy against the boat. When the defendant in error brought his suit in the court below, he adopted the remedy prescribed by the then existing laws. Although the act in force on the subject of liens at the time the lumber was furnished might have given a different remedy, that particular form of remedy was abolished by the repeal of the statute, and could no longer be used to enforce the liability. If the new statute substituted no other statutory remedy for the one abolished, the party would then be compelled to resort to his common law remedy, and proceed to enforce his claim by an action at law against the persons on whose account the materials were furnished, or by bill in equity to subject the boat to the pay-

ment of the demand. But the new statute gives a specific remedy. It contains no words from which the court can infer that it was the intention of the legislature to exclude the operation of the new remedy from demands of that character, existing at the time of its enactment; on the contrary, the words of the statute are plain and clearly embrace all existing demands. " Any person having a demand as aforesaid," cannot by any reasonable rule of construction be interpreted to mean " only a person that shall *hereafter have* a demand." It is competent for the legislature, at any time, to alter or change the remedy or mode of enforcing a right, and all proceedings instituted thereafter must conform to the new remedy.

The third ground of error is, that it does not appear by the record that Lake had any lien against the boat. The conclusion that the court has come to upon the error already considered, makes this an immaterial question for the purpose of determining the correctness of this record; but as this question has been argued at length, and pressed with a good deal of earnestness upon the court, by the counsel for plaintiff in error, we will give our views upon it. Did the repeal of the act of February 4th, 1851, destroy the defendant's lien upon the steamer? We think not. It is admitted, according to the doctrine cited from 1*st Hill, Palmer* v. *Butler*, that rights given by a statute, which at the time of the repeal of the statute are merely inchoate, fall with the statute. But the right of Lake to hold the steamer as a pledge, or security, for the materials furnished for her erection, was not an inchoate right when the statute was repealed. The transaction out of which the right grew was complete, that is, the delivery of the lumber. By virtue of such delivery, the lien attached to the boat. By operation of law, it practically became a personal mortgage. On the 1st of May, A. D. 1854, when the act was repealed, Lake's right was not inchoate, but perfect. In the language of Dwarris, on the construction of statutes, " nothing remained to be done," and the subsequent repeal of the statute could in no

way impair or destroy the obligation of the contract as it stood at the time the contract was consummated. That obligation was not merely that the owners of the steamer would pay the price stipulated for the lumber, but that Lake should have a lien upon the steamer for the security of its payment.

By the Court—Judgment affirmed.